# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

| | |
|---|---|
| AHMED SALAU, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:14-cv-04326-SRB |
| BRADY DENTON, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before this Court is Plaintiff's Motion for Temporary Restraining Order (Doc. # 38). For the reasons discussed below, the Motion is denied.

To succeed in a request for a restraining order, the movant must satisfy the procedural requirements of Federal Rule of Civil Procedure 65 and substantive prerequisites set forth by the Eighth Circuit. The Eighth Circuit requires the movant to show and the Court to consider the following factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981).

In this case, plaintiff seeks re-admission and re-employment with the University of Missouri. Plaintiff was expelled in 2012 and he unsuccessfully sued and sought injunctive relief in state court. Salau v. Deaton, 433 S.W.3d 449 (Mo. App. W.D. 2014). This suit was brought on November 25, 2014, and service was not achieved until June of this year. In this case, Plaintiff has not made a showing as to the first factor so the analysis will address only "irreparable harm." The Eighth Circuit has noted that waiting 17 months to seek injunctive relief defeated arguments

relating to irreparable harm. Novus Franchising, Inc., v. Dawson, 725 F.3d 885, 895 (8th Cir. 2013). Plaintiff argues that he was incarcerated "due in part to the Curators' actions in labeling Plaintiff as a rapist." Plaintiff provides no legal citation that incarceration is a justifiable excuse for delay. See United States v. 40 Acres of Land, More or Less, Located in Boone Cnty., Ark., 221 F.3d 1344, *1 (8th Cir. 2000) (holding that incarceration is not grounds for excusable neglect sufficient to justify delay). Here, the injunctive relief also spans an extensive time, a prior lawsuit and a six month delay in service. Also under the irreparable harm element, Plaintiff has not shown that he could not enroll in a different university to complete his degree program. By failing to meet the first element of seeking a temporary restraining order, this Court need not go further.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Temporary Restraining Order (Doc. # 38) is denied.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: July 30, 2015