# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| AHMED SALAU, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:14-cv-04326-SRB |
| BRADY DENTON, et al., | ) ) ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Plaintiff's Notice of Interlocutory Appeal and Motion for Leave to Appeal In Forma Pauperis and Motion to Stay Case Pending Interlocutory Appeal. (Doc. #83). For the reason stated below, Plaintiff's motion is denied.

Plaintiff moves the Court to certify the Court's October 8, 2015, Order for interlocutory appeal. Plaintiff states the issues in the Order "involve a controlling question of law and fact in that the appellate Court must decide if administrators and other officials of public universities are entitled to immunity when they act willfully, wantonly, and even maliciously in violating substantial civil rights of a member of a protected class." (Doc. #83, ¶2).

Certification for interlocutory appeals pursuant to 29 U.S.C. § 1292(b) requires a district court to be of the opinion that "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." Union Cnty, Iowa v. Piper Jaffray Co., 525 F.3d 643, 646 (8th Cir. 2008). "A motion for certification must be granted sparingly, and movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994). "[A]pplication for an appeal … shall

not stay proceedings in the district court unless the district judge or the Court of Appeals … shall so order." 28 U.S.C. § 1292(b).

The statute permits interlocutory appeal of "controlling" issues of law. Not all issues of law are "controlling," such as the issue identified by Plaintiff. Plaintiff did not provide Suggestions in Support as required by Local Rule 7.0(c); instead, Plaintiff has merely recited the statutory language and his desire for an interlocutory appeal. Plaintiff has the burden of demonstrating that the proposed issue is an exceptional one warranting interlocutory appeal, and Plaintiff has not met that burden.

Because Plaintiff has failed to meet the high burden meriting interlocutory appeal, Plaintiff's request for leave to appeal this Order In Forma Pauperis and request to stay the case pending the interlocutory appeal are denied as moot.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Notice of Interlocutory Appeal and Motion for Leave to Appeal In Forma Pauperis and Motion to Stay Case Pending Interlocutory Appeal (Doc. #83) is DENIED.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: October 8, 2015