## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| AHMED SALAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-04326-SRB |
| | ) | |
| BRADY DENTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Joseph Kingsbury and Shawn Spalding's Motion to

Dismiss Amended Complaint (Doc. #91). For the reasons discussed below, Defendants' motion

is GRANTED.

### I.      BACKGROUND

Plaintiff Ahmed Salau asserts this action against Defendants Joseph Kingsbury and

Shawn Spalding, both campus officers for the University of Missouri - Columbia, as well as four

other defendants previously dismissed from this case. This case stems from an investigation and

hearing regarding code of conduct violations that occurred while Plaintiff was a student at the

University of Missouri in Columbia, Missouri. In the Amended Complaint, Plaintiff alleges that

on September 25, 2012, while enrolled at the University of Missouri, he was notified that he was

under investigation for various code of conduct violations, including "nonconsensual sexual

behavior, giving alcohol to a person in a drunken state and invasion of privacy." (Doc. #32, ¶¶60,

62). Plaintiff asserts five counts against Defendants Kingsbury and Spalding: (Count 3) 42

U.S.C. § 1985 – Civil Conspiracy; (Count 5) 42 U.S.C. § 1983 – Violation of Due Process

Rights; (Count 6) 42 U.S.C. § 1983 – Violation of Equal Protection; (Count 7) 42 U.S.C. § 1983 – Unreasonable Search and Seizure; and (Last Count) Injunctive and Declaratory Judgment.

On October 8, 2015, the Court dismissed all counts against Defendants The Curators of the University of Missouri, Donnell Young, Mark Lucas, and Brady Deaton. The Court also directed Plaintiff to "show cause on or before October 22, 2015, why Plaintiff's claims against Defendants Kingsbury and Spalding should not be dismissed for failure to state a claim." (Doc. #82, p.32). Plaintiff failed to respond to the Court's October 8, 2015, Order.

On October 27, 2015, after a review of the Amended Complaint, the Court directed the parties to brief the Court as to whether Plaintiff's remaining claims asserted against Defendants Kingsbury and Spalding satisfy the Fed. R. Civ. P. 12(b)(6) standard. On November 10, 2015, Defendants Kingsbury and Spalding filed their response to the order and their joint motion to dismiss this action. Despite two extensions, Plaintiff has failed to file a response to the Court's Order or Defendants' motion.

## II.     LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (internal citations omitted); Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir.) cert. denied, 135 S. Ct. 2941 (2015); Hamilton v. Palm, 621 F.3d 816, 817 (8th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Ash v. Anderson Merchs., LLC, No. 14–3258, 2015 WL 4978701, at *1 (8th Cir. 2015).

The court "must take all factual allegations [made by the plaintiff] as true when considering a motion to dismiss." Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007); Data Mfg., Inc. v. United Parcel Service, Inc., 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). However, factual allegations which represent "legal conclusions or formulaic recitation of the elements of a cause of action . . . may properly be set aside." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 556 U.S. at 677) (internal citations omitted). The pleading standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) (internal quotations omitted); Zink, 783 F.3d at 1098 (8th Cir. 2015) (stating a pleading must offer more than "naked assertions that are devoid of further factual enhancement") (quoting Twombly, 550 U.S. at 570) (internal quotations omitted); see, e.g., Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 717 (8th Cir. 2011) (finding the district court appropriately granted a motion to dismiss where "facts pleaded in [plaintiff's] complaint [did] not permit [the court] to infer more than the mere possibility of misconduct").

The "evaluation of a complaint upon a motion to dismiss is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Braden, 588 F.3d at 594 (internal citations omitted). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Id.; see also Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (noting the court's task "is to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation").

### III. DISCUSSION

Plaintiff asserts five claims against Defendants Kingsbury and Spalding: (Count 3) 42 U.S.C. § 1985 – Civil Conspiracy; (Count 5) 42 U.S.C. § 1983 – Violation of Due Process Rights; (Count 6) 42 U.S.C. § 1983 – Violation of Equal Protection; (Count 7) 42 U.S.C. § 1983 – Unreasonable Search and Seizure; and (Last Count) Injunctive and Declaratory Judgment.

For the reasons stated in the October 8, 2015, Order, the Court finds Counts 3, 5, 6, and Last Count in the Amended Complaint are deficient and fail to state a claim against Defendants Kingsbury and Spalding upon which relief can be granted. (See Doc. #82.) Therefore, Counts 3, 5, 6, and Last Count brought against Defendants Kingsbury and Spalding are dismissed. The Court will address Count 7, the remaining count.

### A. 42 U.S.C. § 1983 – Unreasonable Search and Seizure (Count 7) (Against Defendants Kingsbury and Spalding)

In the Amended Complaint, Plaintiff asserts "Defendants Kingsbury and …Spalding violated Ahmed's right to be free from unreasonable searches and seizures when they unlawfully, without warrant, seized his private office, and searched it and seized his computers, memory cards, phones among other items in violation of the 4th and 14th Amendments." (Doc. #32, ¶177). Defendants argue Plaintiff has failed to allege sufficient facts showing that the search was unreasonable under the circumstances, or that Defendants were required to obtain a warrant before searching Plaintiff's on-campus office.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." "[T]he Fourth Amendment does not proscribe all searches and seizures, but only those that are not reasonable." Warren v. Bd. of Educ. of City of St. Louis, 200 F. Supp. 2d 1053, 1062 (E.D. Mo. 2001) (citing United States v. Sharpe, 470 U.S. 675, 682 (1985)). "Determining the reasonableness of any

4

search involves a twofold inquiry: first, one must consider 'whether the ... action was justified at its inception,' second, one must determine whether the search as actually conducted 'was reasonably related in scope to the circumstances which justified the interference in the first place.'" New Jersey v. T.L.O., 469 U.S. 325, 341 (1985) (citing Terry v. Ohio, 392 U.S. 1, 20 (1968)). In school settings, justification for a search requires "a moderate chance of finding evidence of wrongdoing." Safford Unified Sch. Dist. No. 1 v. Redding, 557 U.S. 364, 371 (2009). The search "will be permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction." T.L.O., 469 U.S. at 342. "[T]he Supreme Court has observed that 'maintaining security and order in the schools requires a certain degree of flexibility in school disciplinary procedures[.]'" Woodis v. Westark Cmty. Coll., 160 F.3d 435, 438 (8th Cir. 1998) (quoting T.L.O., 469 U.S. at 340).

Here, Plaintiff alleges he was accused of numerous student code of conduct violations including "nonconsensual sexual behavior, giving alcohol to a person in a drunken state and invasion of privacy." (Doc. #32, ¶¶60, 62). Plaintiff asserts that the incident began on-campus when he received a text message from the female student. Id. at ¶¶25, 26. Later that night, after drinking at a bar off-campus, Plaintiff and the female student "went to Ahmed's office to check out some of his Chinese lore," and then "danced, kissed and had consensual intercourse." Id. at ¶¶37, 39. After allegations of code of conduct violations were reported, Defendants Kingsbury and Spalding entered Plaintiff's on-campus office to question him regarding his interactions with the female student and investigate the allegations asserted against him. Id. at ¶¶55, 58. Plaintiff claims that after Defendants interrogated him at the police station, Defendants returned Plaintiff to his on-campus office and "without a warrant, collected, seized searched his office and

confiscated several electronic items including his computer, his phones, his memory cards, etc." Id. at ¶¶56, 57.

Assuming the truth of Plaintiff's allegations, Defendants had justification for the inception of the search because Plaintiff admitted, before the search commenced, that he and the female student had been at his on-campus office on the night of the alleged violations. Id. at ¶37. Plaintiff also admitted to communicating through text messages with the female student on the night in question, which provided Defendants with a reasonable belief that evidence of a possible relationship may be discovered. Id. at ¶25. Needing only "a moderate chance of finding evidence of wrongdoing," the numerous code of conduct violations reported to have occurred in several places, including Plaintiff's on-campus office, justified the search at its inception. See Safford Unified Sch. Dist. No. 1, 557 U.S. at 371. Second, since the search occurred at the location of the alleged violations and it was reasonable to believe that the electronic items contained evidence of possible wrongdoing, the search conducted by Defendants Kingsbury and Spalding "was reasonably related in scope to the circumstances which justified the interference in the first place." T.L.O., 469 U.S. at 341.

Moreover, even though a warrant was not obtained prior to the search, Plaintiff is still unable to state a Fourth Amendment violation claim. Although it is "usually require[d] that a search be undertaken only pursuant to a warrant," a warrant is not required "when 'special needs,' beyond the normal need for law enforcement, make the warrant … impracticable." Griffin v. Wisconsin, 483 U.S. 868, 873 (1987) (quoting T.L.O., 469 U.S. at 351); see also Medlock v. Trs. Of Ind. Univ., 738 F.3d 867, 872 (7th Cir. 2013) (holding University student inspectors did not violate plaintiff's Fourth Amendment rights when they conducted a warrantless search of his dorm room). The Supreme Court has "held that 'special needs' inhere

in the public school context." <u>Bd. of Educ. of Indep. Sch. Dist. No. 92 of Pottawatomie Cnty. v. Earls</u>, 536 U.S. 822, 829 (2002). "[A] warrant … [is] unnecessary in the public school context because such requirements 'would unduly interfere with the maintenance of the swift and informal disciplinary procedures [that are] needed.'" <u>Earls</u>, 536 U.S. at 828-29 (citing <u>Vernonia Sch. Dist. 47J v. Acton</u>, 515 U.S. 646, 653 (1995) (in turn quoting <u>T.L.O.</u>, 469 U.S. at 340-41)). Defendants are responsible for protecting the students at the University by investigating violations of University rules and enforcing these rules, which creates a "special need." Due to the serious nature of the rule violations reported against Plaintiff and Defendants' need to protect the students at the University, a warrant "would [have] unduly interfere[d] with the maintenance of the swift and informal disciplinary procedures[.]'" <u>Id</u>. Thus, a warrant was not required.

The Court concludes that Plaintiff has failed to assert a facially plausible claim that would allow the Court to draw a reasonable inference that Defendants Kingsbury and Spalding are liable for the alleged violation of Plaintiff's constitutional rights. <u>Iqbal</u>, 556 U.S. at 678. [1] Based on the facts presented in the Amended Complaint, Plaintiff has failed to plead sufficient facts to demonstrate the actions taken by Defendants Kingsbury and Spalding were unreasonable and without justification. Therefore, Count 7 is dismissed.

---

[1] "Even with a recognition that university students may possess a higher degree of privacy than their similarly situated minor counterparts, the court cannot say that such a distinction is clearly established, nor that the defendants should be so schooled in the intricacies of Fourth Amendment jurisprudence that they should be aware of the difference." <u>Carboni v. Meldrum</u>, 949 F. Supp. 427, 436 (W.D. Va.) aff'd, 103 F.3d 116 (4th Cir. 1996) (citing <u>T.L.O.</u>, 469 U.S. at 343). A public officer is "immune from liability unless a reasonable person in his position would have known his actions violated clearly established law." <u>Sparr v. Ward</u>, 306 F.3d 589, 593 (8th Cir. 2002) (citing <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987)). This Court recognizes that a University student may have a higher expectation of privacy than that of a minor student. However, there is little guidance applicable to the scope of authority possessed by Defendants Kingsbury and Spalding in this area. Because there is no clearly established law regarding the degree of privacy afforded to a University student occupying a private, university-owned office, the Court finds that Defendants Kingsbury and Spalding's beliefs were not unreasonable. Thus, Defendants are protected by qualified immunity because Plaintiff has failed to demonstrate that his Fourth Amendment rights were violated.

**IV.     CONCLUSION**

Accordingly, it is hereby

**ORDERED** that Defendants Joseph Kingsbury and Shawn Spalding's Motion to Dismiss

Amended Complaint (Doc. #91) is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  January 7, 2016